ALEXANDER HAMILTON AS EXECUTOR, ETC., PLAINTIFF, *v.* THE NEW YORK STOCK EXCHANGE BUILDING COMPANY, DEFENDANT.

*Power of sale in will — construction of.*

CASE submitted upon an agreed statement of facts, under the provisions of section 1279 of the Code of Civil Procedure. The only question involved was the construction of a clause in the will of John P. Marsh, which was in these words :

"I hereby authorize and empower my executors and trustees, if they shall deem it advisable, to sell and dispose of the whole or any portion of the real estate, and re-invest the proceeds from time to time in real or personal securities, the consent of my wife and of my sons, if of full age — being first had and obtained to such sale or sales."

The testator died on the 25th of November, 1873. He left him surviving, his widow and his two sons, Charles D. and Clement Marsh, both then being infants, one of whom has since

attained the age of majority, and the other, Clement Marsh, is still a minor under the age of eighteen years.

The question was whether the executors could, with the consent of the widow and of the son who had attained his majority, convey a good title on a sale of the testator's real estate.

The court, at General Term, said:

" We have given the will a careful examination with a view to ascertain whether any of its provisions require a different construction to be given to the above clause than that which its language naturally imports. The whole scheme of the will, in our opinion, is harmonious with such natural construction, and in no sense in conflict with it.

" The testator obviously designed to put the whole of his residuary estate in trust for the use of his wife during her life, if she should remain unmarried, but in case of her re-marriage to put the whole residuary estate in trust for her until his youngest son Clement should attain the age of thirty years, and thereafter to limit the trust for her benefit to one-third of such residuary estate, and after her decease to give the use and income of one-third of such estate to each of his children for life, and to their children respectively upon their deaths, share and share alike, and also to vest in his wife the power of absolute disposition by her last will of the other third of such estate.

" The power absolutely conferred upon the executors and trustees is altogether consistent with that scheme, because it is apparent that it might be greatly advantageous to the estate to have such power in existence and operative at any time.

" The language, therefore, of restriction contained in the power must be so construed as to carry out the plain intent of the testator. To us it is manifest that that intention was that the executors and trustees should have during the minority of the children an absolute power of sale upon the consent of the wife, and after the children should become of full age, an absolute power of sale upon the consent of the wife, and of such children.

" The sale, therefore, made with the consent of the wife and of the son, who had attained his majority, is valid and effectual and will if completed carry a perfect title to the purchaser.

" The language is in no sense that of postponement of the time

of executing the power. It is simply that of condition as to the mode of executing it, and that condition was fully satisfied when the consent of the wife and of the son now of full age had first been had and obtained."

*Samuel E. Lyon*, for the plaintiff. *John A. Weeks* and *George H. Forster*, for the defendant.

Opinion *per Curiam.*

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Judgment ordered for plaintiff. without costs.